IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHANIEL S. HOSEA, | NO. 5:11-cv-02892 EJD |
| Plaintiff(s), | **ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| MICHAEL B. DONLEY, Secretary of the United States Air Force, | [Docket Item Nos. 4, 26] |
| Defendant(s). | |

Plaintiff Nathaniel S. Hosea ("Plaintiff") filed the instant civil rights action against Defendant Michael B. Donley in his capacity as Secretary of the United States Air Force ("Defendant"). The case was originally commenced in the Western District of Washington but transferred to this court. See Docket Item No. 10. Plaintiff's motion to proceed in forma pauperis was granted prior to transfer. See Docket Item No. 2. Presently before the court is Plaintiff's Application for Appointment of Counsel (hereafter the "Application" or "Appl.").[1] As discussed

---

[1] Plaintiff has filed two requests for appointment of counsel. His original application was filed before this case was transferred to this court and appears as Docket Item Number 4. His second request appears as Docket Item Number 26. Although the court has reviewed his original application, this Order primarily addresses his second application, which seemingly contains updated information.

1
Case No. 5:11-cv-02892 EJD
ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR APPOINTMENT OF COUNSEL (EJDLC1)

below, Plaintiff's application for a coercive appointment will be denied without prejudice.[2]

## I. LEGAL STANDARD

As a general matter, there is no right to appointed counsel in a civil case. See Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C., 452 U.S. 18, 25 (1981). But the court may appoint an attorney in civil rights actions pursuant to 42 U.S.C. § 2000e-5(f)(1)(B) "[u]pon application by the complainant and in such circumstances as the court may deem just." The Ninth Circuit has adopted three factors that must be considered to determine whether appointment of counsel is appropriate: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981). The district court exercises broad discretion in reaching a decision on this issue. Ivey v. Board of Regents, 673 F.2d 266, 269 (9th Cir. 1982). "[T]he appointment of counsel is the exception, not the rule." Pascual v. Astrue, No. C 08-02906 SBA, 2008 U.S. Dist. LEXIS 79661, at *6-7 (N.D. Cal. Sept. 15, 2008).[3]

## II. DISCUSSION

Plaintiff contends appointment of counsel is necessary because he is unemployed and indigent. Appl. at ¶ 1. Plaintiff also states he does not have the monetary resources to litigate this case. Id. at ¶¶ 1, 4. Plaintiff believes an attorney would be helpful because he is not a lawyer and cannot "prosecute this complex case." Id. at ¶¶ 1, 3. Plaintiff has also been unable to retain an attorney to represent him despite is efforts to do so. Id. at ¶¶ 0, 1. He contacted 28 attorneys, each of whom declined to take this case either because they were too busy or required a retainer amount that Plaintiff could not afford. Id. at ¶ 1.

---

[2] This disposition is not intended for publication in the official reports.

[3] In the Application, Plaintiff cites 29 U.S.C. § 1915(d), which allows for the appointment of an attorney to represent individuals proceeding in forma pauperis. The test for appointment under that section is based on a finding of "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Since those factors are subsumed by the test applied for appointment under 42 U.S.C. § 2000e-5(f)(1)(B), § 1915(d) is not directly addressed in this Order. In any event, that section does not allow for coercive appointments of counsel. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). The most the court could do under that section is ask an attorney to represent Plaintiff. Id.

With these facts in mind, the court will address appointment under § 2000e-5(f)(1)(B). With regard to the "financial resources" factor, the fact that Plaintiff has been granted in forma pauperis status weighs in favor of an appointment since a lesser showing of indigency is required to meet the standard for appointment of counsel. Bradshaw, 662 F.2d at 1319. Moreover, Plaintiff once again states in support of this application that he has little in the way of assets.

For the second factor, the court accepts Plaintiff's statement describing the number of attorneys contacted as well as their responses to his request for representation. However, the court finds that the efforts described by Plaintiff cannot be considered reasonably diligent under the circumstances. See Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir. 1977); see also Bradshaw, 662 F. 2d at 1319. While Plaintiff did contact a number of attorneys, none are identified by name, nor is the quality of contact described. Indeed, it is unknown from Plaintiff's Application whether he actually had extensive discussions concerning the merits of this case with the contacted attorneys, or whether he merely had an introductory conversation with a receptionist about representation particulars. Both types of contact could yield the information about availability and fees related by Plaintiff, but a cursory attempt to contact a large number of attorneys simply to fulfill this requirement is obviously insufficient. Without more details, the court cannot determine the type of contact that occurred. On their face, Plaintiff's contacts appear superficial.

The information about the location of contacted attorneys is also lacking in specificity. Considering the fact that this case was transferred from Seattle to San Jose, the number of attorneys contacted in the local area is significant. It is axiomatic that an attorney in Washington is less likely to consider a case venued in northern California.

In addition, some district courts have considered as part of this inquiry the efforts by a complainant to obtain a contingent fee arrangement or pro bono counsel. See, e.g., Lee v. United States Postal Service, 882 F. Supp. 589, 594 (E.D. Tex. 1995); see also Patel v. Texas Dep't of Transp., No. A-10-CA-242 SS, 2010 U.S. Dist. LEXIS 38723, at *4-5 (W.D. Tex. Apr. 16, 2010). Plaintiff's Application is silent as to whether he has pursued the possibility of a contingency arrangement or whether he has contacted any legal aid organizations regarding this case. Although the court recognizes Plaintiff is not required "to exhaust the legal directory," the court nonetheless

3

Case No. 5:11-cv-02892 EJD
ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR APPOINTMENT OF COUNSEL (EJDLC1)

believes Plaintiff should make an effort to explore these alternatives before appointment of counsel can be seriously considered. Caston, 556 F.2d at 1309. The court is confident Plaintiff has the ability to make such an effort based on the intelligence and competence demonstrated by Plaintiff's complaint. But as presented, the information regarding his search for an attorney is deficient and weighs against ordering a coercive appointment.

This leaves the third factor, which requires the court to observe the merits of Plaintiff's claims. Since Plaintiff's Application does not address this factor directly, the court is left to conduct its own examination based on the documents it deems relevant. In that regard, the court has reviewed: (1) Plaintiff's complaint for discrimination based on race, disability, and retaliation, (2) Plaintiff's Application, and (3) the attachments to the Application, which consist of a letter from the 60th Air Mobility Wing Equal Opportunity Office (the "EO") at Travis Air Force Base and a document entitled "Rights Associated with the Acceptance and Dismissal of this Complaint." Plaintiff has provided extensive allegations in the complaint. However, it seems Plaintiff filed this action before the EO completed its investigation of Plaintiff's claims. Thus, there is not a finding of good cause upon which the court could find this case meritorious. See Bradshaw, 662 F.2d at 1320 ("Where the administrative agency charged with enforcing the statute has made a determination that there is reasonable cause to believe that the plaintiff was the victim of discrimination . . . the court need ordinarily make no further inquiry for purposes of appointment of counsel."). That being the case, the court cannot say based on the information presented that Plaintiff's claims are likely to have merit. This factor therefore does not weigh for or against Plaintiff, at least at this time.

Considering the level of sophistication demonstrated by the complaint as well as this Application, it is unlikely the type of exceptional circumstances justifying appointment of counsel will materialize here. See Gorenc v. Salt River Project Agr. Imp. & Power Dist., 869 F.2d 503, 509 (9th Cir. 1989)(affirming district court decision denying appointment of counsel based partly on high quality of complainant's pleadings). But in the event such circumstances do become apparent, the denial of this request without prejudice leaves open the possibility of a subsequent application for appointment of counsel presenting new or different information.

//

4
Case No. 5:11-cv-02892 EJD
ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR APPOINTMENT OF COUNSEL (EJDLC1)

### III. ORDER

Based on the foregoing, Plaintiff's Application for Appointment of Counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: July 19, 2011

EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Claire T. Cormier claire.cormier@usdoj.gov

**Dated: July 19, 2011**                              **Richard W. Wieking, Clerk**

                                                      **By:    /s/ EJD Chambers
                                                              Elizabeth Garcia
                                                              Courtroom Deputy**

Case No. 5:11-cv-02892 EJD
ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR APPOINTMENT OF COUNSEL (EJDLC1)