IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHANIEL S. HOSEA, | CASE NO. 5:11-cv-02892 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** |
| v. | |
| MICHAEL B. DONLEY, Secretary of the United States Air Force, | [Docket Item No. 62] |
| Defendant(s). | |

Presently before the court is Plaintiff Nathaniel S. Hosea's ("Plaintiff") motion to recuse Judge Edward J. Davila from presiding over this action. See Docket Item No. 62. For the reasons stated below, the motion will be denied.

While Plaintiff did not state the legal authority upon which he makes this motion, the court will examine his request under both 28 U.S.C. § 144 and 28 U.S.C. § 455.[1] With these co-extensive statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonable be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). Such recusal may rest on either "actual bias or the appearance of bias." Id. A district judge has a duty to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice

---

[1] Assuming Plaintiff filed the instant motion pursuant to 28 U.S.C. § 144, this court must pass on the legal sufficiency of the affidavit in the first instance. See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

1
CASE NO. 5:11-cv-02892 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL

1  concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."
2  28 U.S.C. § 455(a), (b)(1).  However, "[f]ederal judges are obligated not to recuse themselves where
3  there is no reason to question their impartiality."  New York City Housing Develop. Corp. v. Hart
4  796 F.2d 976, 980 (7th Cir. 1986).

5        Here, Plaintiff's conclusion of bias stems from this court's prior rulings, with which he is
6  dissatisfied.  The first denied without prejudice his request for appointment of counsel.  See Docket
7  Item No. 27.  The others were denials of Plaintiff's requests to appear telephonically.[2]  Plaintiff has
8  appealed each of these orders.  These allegations are not sufficient to demonstrate either actual bias
9  or an appearance of bias.  See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding that
10 judicial rulings alone are not a valid basis for a recusal motion as they do not establish reliance on an
11 extrajudicial source); see also Pesnell v. Arsenault, 543 F.3d 1038, 1044 (noting that a judge's
12 efforts at courtroom administration do not amount to a demonstration of bias).

13       Accordingly, Plaintiff's motion for recusal is DENIED.

14 **IT IS SO ORDERED.**

16 Dated: January 6, 2012

                                                  EDWARD J. DAVILA
17                                                   United States District Judge

---

[2] Notably, the order denying Plaintiff's request to appear telephonically at a judicially-supervised settlement conference was issued by the Magistrate Judge who held that conference.  See Docket Item No. 42.

(Left margin: United States District Court / For the Northern District of California)