1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHANIEL S. HOSEA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL B. DONLEY, SECRETARY OF<br>THE DEPARTMENT OF THE AIR FORCE,<br><br>    Defendant. | Case No.: 11-CV-2892-PSG<br><br>**ORDER GRANTING-IN-PART<br>PLAINTIFF NATHANIEL S.<br>HOSEA'S MOTION TO COMPEL**<br><br>**(Re: Docket No. 47)** |

Plaintiff Nathaniel S. Hosea ("Hosea") proceeding *pro se* moves to compel production of documents, further responses to interrogatories, and requests for admission. Defendant Michael B. Donley, Secretary of the Department of the Air Force (the "Secretary"), opposes the motion.  On January 24, 2012, the parties appeared for hearing.  Having reviewed the papers and considered the arguments of Hosea and the Secretary, the court GRANTS Hosea's motion, but only IN PART.

## I.    BACKGROUND

On July 7, 2010, Hosea was employed as a security officer at the Onizuka Air Station ("Onizuka AS"). That day, he was off-duty but came to the base to visit the human resources office that day. Hosea alleges that he parked his vehicle outside the gate of the base and was approached by an on-duty security officer in an aggressive manner. The on-duty security officer ordered Hosea to move his vehicle. Hosea later overheard the day-shift supervisor, who also was present on the

1

base that day, refer to him on the on-duty officer's radio as a "suspect." Afterwards, Hosea was restricted from carrying a firearm at work, barred from the base, and then terminated. Hosea alleges that this treatment was discriminatory based on his race and disability, and in retaliation for complaints that he raised about the July 7 events.

## II.    LEGAL STANDARDS

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[1] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2] Discovery is subject to certain limitations, however, and is not without "ultimate and necessary boundaries."[3]

Under Rule 26, a court must limit the frequency or extent of discovery if it determines:

(i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)   the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)  the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.[4]

---

[1]  Fed. R. Civ. P. 26(b).

[2]  *Id.*

[3]  *Id.*

[4]  Fed. R. Civ. P. 26(b)(2)(i), (ii), and (iii).

2

Case No.: C 11-2892 PSG
ORDER

United States District Court
For the Northern District of California

# III.    DISCUSSION

## A.  Interrogatories

Hosea moves to compel further responses to interrogatory nos. 2, 4, 5, 7, 8, 10, 11, 15, 18, 19, 20, 21, and 22. After the hearing, the Secretary served Hosea with further responses to interrogatory nos. 2, 7, 10, 11, 15, and 18.[5]

Having reviewed the Secretary's supplemental responses to interrogatory nos. 2, 7, 10, 11, 15, and 18, the court finds that they are sufficient. The court will address the balance of the remaining interrogatory responses in turn.

### 1.  Interrogatory No. 4

Interrogatory no. 4 seeks an explanation as to why Hosea was terminated after he made an informal charge of race discrimination to the Air Force EO. In response, the Secretary references a March 28, 2011 letter entitled "Partially Dismissed and Accepted Claims" and states that the reasons for Hosea's termination are set forth in the letter and "not for any reasons related to any prior EEO activity or opposition to discrimination that may have been undertaken by Plaintiff."

The court finds that the Secretary's response to this interrogatory is sufficient.

### 2.  Interrogatory No. 5

Interrogatory no. 5 inquires whether Hosea reported to the Secretary his symptoms of stress, headaches, embarrassment, humiliation, and fatigue that resulted from the alleged employment discrimination. In response, the Secretary acknowledges that Hosea sent an email (Exh. No. 201) to HR Jensen Paul reporting such symptoms.

The Secretary shall supplement his response to confirm whether this is the only report Hosea made describing his symptoms or whether additional reports were made.

### 3.  Interrogatory No. 7

Interrogatory no. 7 seeks an explanation as to why the Secretary did not conduct an investigation after Hosea reported the discriminatory base ban. In response, the Secretary states that Captain Benvenuto and Lieutenant Colonel Pavelko decided to continue the base ban based on

---

[5] The Secretary attempted to serve Hosea with further discovery responses prior to the hearing. Hosea re-located at least temporarily to Florida, however, so he had not received them beforehand.

Case No.: C 11-2892 PSG
ORDER

legitimate nondiscriminatory reasons that were not a pretext for discrimination. It states that HR is not required to conduct an investigation.

The court finds that the Secretary's response to this interrogatory is sufficient.

**4.   Interrogatory No. 8**

Interrogatory no. 8 seeks the names and contact information of human resource specialists who were involved in Hosea's claims.  In response, the Secretary provides the names of two individuals and states that both of them may be reached through government counsel.

The court finds that the Secretary's response to this interrogatory is sufficient.

**5.   Interrogatory No. 19**

Interrogatory no. 19 seeks an explanation why Pavelko did not conduct an investigation before banning Hosea from the base on July 14, 2010. In response, the Secretary states that even though Pavelko did not engage in a specific investigation, he did gather facts so that he could render a fair decision. In response to the motion, the Secretary stated that he would provide a supplemental response.  No supplemental response, however, is provided in the supplemental opposition. Based on the Secretary's prior response to the motion, he shall supplement his response.

**6.   Interrogatory No. 21**

Interrogatory no. 21 seeks the Secretary's affirmative defenses to Hosea's claims. In response, the Secretary refers Hosea to his answer, the administrative record, and all of his discovery responses.

The Secretary shall supplement his response and set forth any affirmative defenses to Hosea's claims.

**7.   Interrogatory No. 22**

Interrogatory no. 22 seeks confirmation of Paul Jensen's email address and whether he authored exhibit no. 201. In response, the Secretary states that he is "informed and believes the email listed was used by the referenced individual at the relevant time."

The Secretary shall supplement his response and confirm whether Paul Jensen actually authored exhibit no. 201.

Case No.: C 11-2892 PSG
ORDER

*United States District Court*
For the Northern District of California

**B.  Requests for Admission**

Hosea seeks further responses to the following requests for admission: RFA Nos. 3, 10, 20, 34, 39, 41, 86, 96, 113, 114, and 119. Based on the Secretary's failure to respond properly, Hosea moves for them to be deemed admitted. In response, the Secretary supplemented responses to RFA Nos. 20, 34, 113, 114, and 119.

Having reviewed the supplemental responses to the above RFAs, the court finds them sufficient. The remaining RFAs are discussed below.

**1.  RFA No. 3**

RFA No. 3 seeks an admission that Hosea had a satisfactory employment evaluation. In response, the Secretary denied the admission as worded but agreed to provide a supplemental response.  No supplemental response has been provided.  The Secretary therefore shall supplement his response to this RFA.

**2.  RFA No. 10**

RFA No. 10 seeks an admission that prior to July 7, 2010, Hosea has not signed any prior written warnings acknowledging that he should not park his vehicle in the area adjacent to the main gate. In response, the Secretary states that if additional documents are located, they will be produced.

To the extent that the Secretary locates any additional responsive documents, they shall be produced to Hosea.

**3.  RFA No. 39**

RFA No. 39 seeks an admission that "Lt. Col. Robert J. Pavelko and Capt. James Benvenuto failed to have a meeting with [Hosea] before supervisor Melony M. Whitecloud disarmed and banned [Hosea] from the base on 7 July 2010." In response, the Secretary states that after Whitecloud spoke to Benvenuto, Benvenuto reviewed a tape of the incident and then instructed Whitecloud that Hosea would be disarmed. On July 13, 2011, Pavelko ordered Hosea banned from the base. They did not have a meeting with Hosea before he was disarmed and banned.

The Secretary has sufficiently responded to the RFA.

Case No.: C 11-2892 PSG
ORDER

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 4.  RFA No. 41

RFA No. 41 seeks an admission that "[Hosea] is an African-American employee banned from entering the base over alleged threats without an investigation conducted by Lt. Col. Robert J. Pavelko." In response, the Secretary admits that a formal investigation was not conducted before certain decisions and actions were taken but that Hosea's race did not play a part in any of them.

The Secretary has sufficiently responded to the RFA.

### 5.  RFA No. 86

RFA No. 86 seeks an admission that the Secretary called six police officers at the Sunnyvale Police Department and impugned Hosea's reputation so that he could not obtain future employment there. In response, the Secretary states that 2-3 police officers in the Sunnyvale Police Department were called but denies that they were called to damage Hosea's reputation or obstruct his future employment there. The Secretary states that he is unable to admit or deny information regarding Hosea's future intentions.

The Secretary shall supplement the response to describe any specific statements that were made to the 2-3 police officers in the Sunnyvale Police Department regarding Hosea.

### 6.  RFA No. 96

RFA no. 96 seeks an admission that the following policies are applicable to Onizuka AS: 50 SWI-1 01, AFI 31-101, AFMAN 31-201, Vol 7 and DoDD 5200.8, paragraph 3.2.2 and 3.2.2. In response, the Secretary states that the policies are applicable.

The Secretary has sufficiently responded to the RFA.

Hosea's motion to have his RFAs deemed admitted is DENIED.

## C.  Document Requests

Hosea seeks documents responsive to document request nos. 1, 2, 3, 4, 5, 6 and 8. Because of the recent closure of Onizuka AS, the Secretary states that it was difficult to locate all possible responsive documents. He now believes, however, that a reasonable and diligent search for all responsive documents has been conducted. The Secretary therefore has served further responses to Hosea's document requests.

6

Case No.: C 11-2892 PSG
ORDER

Having reviewed the Secretary's supplemental responses, the court finds that they are sufficient with one exception noted below.

**1.  Document Request No. 3**

Hosea requests a copy of the "do not arm" action that was issued by Benvenuto. In response, the Secretary refers Hosea to page 122 of the Administrative Record ("AR") that documents the initial order sent (via email) on July 7, 2011.

While the Secretary responds that the administrative record refers to the July 7, 2011 email, it is unclear whether the actual email has been produced. The Secretary therefore shall produce the July 7, 2011 email.

## IV.   CONCLUSION

No later than February 29, 2012, the Secretary shall produce additional documents and serve further interrogatory responses and responses to requests for admissions as set forth in this order.

**IT IS SO ORDERED.**

Dated:   2/10/2012

PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 11-2892 PSG
ORDER