UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHANIEL S. HOSEA,<br><br>            Plaintiff,<br>   v.<br><br>MICHAEL B. DONLEY, SECRETARY OF THE DEPARTMENT OF AIR FORCE,<br><br>            Defendant. | Case No.: 11-CV-02892-EJD (PSG)<br><br>**ORDER DENYING PLAINTIFF NATHANIEL S. HOSEA'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Re: Docket No. 84)** |

Plaintiff Nathaniel S. Hosea ("Hosea") moves for default judgment based on Defendant Michael B. Donley's, Secretary of the Department of Air Force (the "Secretary"), failure to serve discovery responses by February 29, 2012 as the court ordered. The Secretary opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on April 24, 2012 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Hosea's motion for default judgment is DENIED.[1]

---

[1] *See* Docket No. 86. Based on a determination by the presiding judge that Hosea's motion for default judgment is to be construed as a motion for sanctions, the motion was referred to the undersigned.

1

Case No.: C 11-2892 EJD (PSG)
ORDER

On February 10, 2012, the court ordered the Secretary to produce additional documents and serve further interrogatory responses and responses to requests for admissions no later than February 29, 2012.[2]

Hosea contends that the Secretary did not do as he was ordered and based on that failure, judgment should be entered in Hosea's favor. He never received mail containing the additional discovery responses and he references a declaration of Richard N. Hosea (that has not been filed or otherwise included with the papers). On March 8, 2012, Hosea did receive an email containing the additional discovery responses but argues that service was untimely and improper.

The Secretary disputes that service of the additional discovery responses to Hosea was untimely. He mailed a copy of the additional discovery responses on February 29, 2012.[3] Under Fed. R. Civ. P. 5(b)(2)(C), service is complete upon mailing. When Hosea's motion for default judgment was filed on March 7, 2012, the Secretary asked Hosea whether he had received his mail containing the additional discovery responses and forwarded him an email containing the same.

Based on the Secretary's representations that he served the additional discovery responses on February 29, 2012 and provided the same responses by email, the court finds that sanctions, including entering default judgment, are not warranted.

**IT IS SO ORDERED.**

Dated: 4/12/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[2] *See* Docket No. 82.

[3] *See* Declaration of Claire T. Cormier ("Cormier Decl."), ¶ 3, Exh. A. A certificate of service evidencing service by first class mail is included.

Case No.: C 11-2892 EJD (PSG)
ORDER