United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHANIEL HOSEA, <br><br>　　　　　Plaintiff(s), <br>　v. <br><br>MICHAEL B. DONLEY, Secretary of the United States Air Force, <br><br>　　　　　Defendant(s). | CASE NO. 5:11-cv-02892 EJD <br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL** <br><br>[Docket Item No(s). 115] |

## I.　INTRODUCTION

Within this civil rights action, presently before the court is Plaintiff Nathaniel Hosea's ("Plaintiff") application for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B). See Docket Item No. 115. Notably, this is Plaintiff's second request seeking such relief, the first request having been denied without prejudice by this court on July 29, 2011 (see Order, Docket Item No. 27), and subsequently affirmed by the Ninth Circuit on July 13, 2012. See Docket Item No. 108.

The court has carefully reviewed the instant application but finds it suffers from the same deficiencies as its predecessor. Accordingly, the application will be denied.

## II.　LEGAL STANDARD

As a general matter, there is no right to appointed counsel in a civil case. See Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C., 452 U.S. 18, 25 (1981). But the court may appoint an attorney in civil rights actions pursuant to 42 U.S.C. § 2000e-5(f)(1)(B) "[u]pon application by the

complainant and in such circumstances as the court may deem just." The Ninth Circuit has adopted three factors that must be considered to determine whether appointment of counsel is appropriate: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981). The district court exercises broad discretion in reaching a decision on this issue. Ivey v. Bd. of Regents, 673 F.2d 266, 269 (9th Cir. 1982). "[T]he appointment of counsel is the exception, not the rule." Pascual v. Astrue, No. C 08-02906 SBA, 2008 U.S. Dist. LEXIS 79661, at *6-7, 2008 WL 4239157 (N.D. Cal. Sept. 15, 2008).

### III. DISCUSSION

For this application, Plaintiff's statements in support of appointment of counsel are similar to those made for the previous application. In that regard, Plaintiff states that he is unemployed, indigent and does not have the financial needs for the basic necessities of life. He also states that he contacted six attorneys in the San Francisco Bay Area, all of whom were unable to represent Plaintiff because they were either too busy, did not accept cases on a contingency basis, or required an expensive retainer fee.

Thus, as it did previously, the court examines the § 2000e-5(f)(1)(B) factors with these statements in mind. With regard to the "financial resources" factor, the fact that Plaintiff has been granted *in forma pauperis* status in the district court weighs in favor of an appointment since a lesser showing of indigency is required to meet the standard for appointment of counsel. Bradshaw, 662 F.2d at 1319.

However, Plaintiff still has not made a sufficient showing on the second factor in both quality and quantity. Much like his prior application, Plaintiff does not provide sufficient factual detail about his contacts with the six attorneys listed in the motion. For example, he does not indicate when he spoke to the attorneys or their staff, how long he spoke to them, or what he told them about this case. It therefore remains unknown whether he had extensive discussions or simply made a cursory inquiry. As described, Plaintiff's contacts still appear superficial.

With regard to quantity of contacts, Plaintiff's application indicates that five of the six attorneys indicated they were too busy to represent him. Although Plaintiff is not required "to

exhaust the legal directory" before presenting a motion such as this one, the court expects a more extensive effort to find attorneys who are not carrying a full caseload. Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309 (5th Cir. 1977). Indeed, if all attorneys in the area are already too busy, then it is unlikely the court would have any more success than Plaintiff in locating an attorney to represent him. Moreover, it does not appear Plaintiff observed the court's suggestion to contact local legal aid organizations, which would include this district's Self-Help Center.[1]

In addition, Plaintiff did not explain why his claims have merit. The court explained previously that it could not conduct an adequate assessment of Plaintiff's case since, at that time, the only documents before the court were the application for appointment of counsel and the Complaint. But now the circumstances are different. This case has progressed for over a year, and a review of the docket reveals that Plaintiff has received some discovery from Defendant. As such, Plaintiff is in a better position to actually explain why his claims are meritorious based on materials received through the discovery process or otherwise. Plaintiff's conclusory opinion that "he will prevail in this action, and that his complaint has merit" is not enough.

Since Plaintiff did not establish all three factors necessary for appointment of counsel, his application will be denied.

### IV.  ORDER

Plaintiff's application for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B) is DENIED. Since the Court of Appeals has already affirmed the court's order denying Plaintiff's prior application for the same reasons explained above, the court certifies that any appeal taken from this order would not be in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: October 30, 2012

　　　　　　　　　　　　　　　　　　　　EDWARD J. DAVILA
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Information about the Federal Legal Assistance Self-Help Center ("FLASH") is available on the "Pro Se Litigants" page of the website for the Northern District of California, www.cand.uscourts.gov, or by calling (408) 297-1480. Plaintiff may also wish to review the Pro Se Handbook, which can be accessed from the link on the "Pro Se Litigants" page of the website.