UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHANIEL S. HOSEA,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MICHAEL B. DONLEY, SECRETARY OF THE UNITED STATES AIR FORCE,<br><br>　　　　　Defendant. | Case No.: CV 11-02892 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS**<br><br>**(Re: Docket No. 112)** |

　　　　This is a race discrimination, disability discrimination, and retaliation case. On February 29, 2012, the court granted Plaintiff Nathaniel S. Hosea's ("Hosea") motion to compel Defendant Michael B. Donley, Secretary of the United States Air Force (the "Secretary") to produce certain interrogatory responses, admissions, and documents. Hosea now moves for sanctions against the Secretary on the basis that Secretary did not fully comply with the court's order. The Secretary opposes this motion. On November 27, 2012, the parties appeared for oral argument. For the reasons set forth herein, the court DENIES Plaintiff's motion for sanctions.

1

Case No.: 11-2892 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS

## I. BACKGROUND

Hosea was employed as a security officer at the Onizuka Air Station ("Onizuka AS").[1] On July 7, 2010, Hosea was off-duty but came to the base to visit the human resources office. Hosea alleges he parked his vehicle outside the gate of the base and was approached by an on-duty security officer in an aggressive manner. The on-duty security officer ordered Hosea to move his vehicle. Hosea later overheard the day-shift supervisor, who was also present on the base that day, refer to him on the on-duty officer's radio as a "suspect." Afterwards, Hosea was restricted from carrying a firearm at work, barred from the base, and then terminated. Hosea brought this suit on June 16, 2011, alleging this treatment was discriminatory based on his race and disability, and in retaliation for complaints that he raised about the July 7 events.

Hosea propounded his first sets of interrogatories, document requests, and admissions in September 2011.[2] On October 31, 2011, Secretary served his initial responses to the requested discovery.[3]

On November 28, 2011, Hosea filed a motion to compel further responses to his discovery requests.[4] While the court was considering the motion, the Secretary filed additional responses on January 19, 2012 ("Supplemental Responses").[5] The Secretary inadvertently omitted one page of the Supplemental Responses, however, which included his answers to Interrogatory No. 19 and Document Request No. 13.[6]

---

[1] The court provides a brief factual background of the underlying suit to give context to Hosea's motion.

[2] *See* Docket No. 41.

[3] *See* Docket No. 122, Ex. 1 ¶ 3.

[4] *See* Docket No. 47.

[5] *See* Docket No. 122, Ex. 1 ¶ 6.

[6] *See* Docket No. 122, Ex. 1 ¶ 8.

2
Case No.: 11-2892 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS

After a hearing on the merits, the court issued an order requiring the Secretary to provide additional responses ("discovery order").[7] On February 29, 2012, as ordered by the court, the Secretary timely served additional responses on Hosea ("Court-Ordered Responses").[8]

On March 8, 2012, Hosea filed a motion seeking sanctions and default judgment against the Secretary, alleging the Secretary had not timely served his Court-Ordered Responses.[9] The court denied the motion, finding sanctions were unwarranted based on the Secretary's representation that he had mailed the responses by the court-ordered deadline and Hosea's receipt of the documents via email.[10]

Several months later, Hosea now files another motion seeking sanctions, including default judgment, alleging the Secretary continues to evade responding to Interrogatory No. 19 and Document Request No. 3. Hosea asks the court to award "at least two" of the following: (1) enter default judgment granting plaintiff his award of 1.5 million; (2) impose sanctions of $10,000 to $20,000 for failure to respond; (3) prohibit defendant from filing summary judgment until he has responded to summary judgment.[11]

## II. LEGAL STANDARD

The district court has broad discretion under Rule 37 to impose sanctions against a party that has failed to comply with the court's discovery order.[12] However, drastic sanctions such as

---

[7] *See* Docket No. 82.

[8] *See* Docket No. 122, Ex. 1 ¶ 10.

[9] *See* Docket No. 84.

[10] *See* Docket No. 95.

[11] *See* Docket No. 112.

[12] *See United States v. Am. Black Bears*, 244 F. App'x 828, 829 (9th Cir. 2007).

Case No.: 11-2892 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS

default judgment should not be imposed unless the party's noncompliance was "due to willfulness, fault, or bad faith."[13]

### III. DISCUSSION

Hosea bases his claim for sanctions on two alleged failures to comply with the court's discovery order, responses to Interrogatory No. 19 and Document Request No. 3.

#### 1. The Secretary's Compliance with Interrogatory No. 19

Hosea claims the Secretary did not adequately respond to Interrogatory No. 19. Interrogatory No. 19 requests an explanation for why Pavelko "failed to conduct an investigation with Plaintiff and Michael L. Olive, before he banned Plaintiff from entering the base on 14 of July 2010?"[14] The Secretary had originally responded that "while… Pavelko did not engage in a specific 'investigation,' he did engage in fact-gathering."[15] In his Supplemental Responses and Court-Ordered Responses, the Secretary added that Pavelko did not think it necessary to communicate with Hosea directly because "Hosea's submissions relating to the incidents were passed along to Pavelko."[16] Also, the Air Force personnel office had advised Pavelko not to meet with Hosea directly as not to disqualify himself as a potential appellate authority for Hosea's case.[17]

The Secretary responded adequately to Interrogatory 19. Hosea argues that the Court-Ordered Response does not provide the specific facts gathered by Pavelko. However, the language of Hosea's own Interrogatory 19 does not ask for that information; rather, the Interrogatory simply

---

[13] *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

[14] Docket No. 112, Ex. 1-B at 1.

[15] *Id.* at 2.

[16] Docket No. 112, Ex. 1-B at 2.

[17] *See id.*

4

Case No.: 11-2892 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS

asks for the reasons why Pavelko did not engage in a specific investigation. A party cannot be sanctioned for answering a question it was not asked.

2. **The Secretary's Compliance with Document Request No. 3**

Hosea also argues the Secretary failed to respond to Document Request No. 3. This request was for the Secretary to produce a copy of the "do not arm" action that was issued to the plaintiff from Capt. Benvenuto. The Secretary originally directed Hosea to page 122 of the Administrative Record, which is the initial order sent via email.[18] The court observed it was unclear whether the actual email was produced and ordered the Secretary to produce the referenced email.[19] The Secretary reiterated the email was available in the Administrative Record, which had already been produced to Hosea.[20] The Secretary further responded that there was no other more formal document responsive to Hosea's request.[21]

The Secretary may not have re-produced the email as requested by the court, but their noncompliance can hardly be attributed to "willfulness, fault, or bad faith."[22] The Secretary believed they had already produced the document to Hosea. The Secretary produced the document again in its Opposition to this motion.[23] As it does not appear the Secretary acted in bad faith or in willful noncompliance, the court finds that sanctions on these grounds are inappropriate.

Although Hosea does not specifically bring a motion to compel, Hosea appears to request additional information such as the procedures used by the Secretary in fact-gathering prior to

---

[18] *See* Docket No. 112, Ex. 1-A at 7.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Sigliano*, 642 F.2d at 310.

[23] *See* Docket No. 122, Ex. 4.

5
Case No.: 11-2892 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS

banning Hosea from the base. The Secretary argues that to the extent Hosea's motion could be construed as a motion to compel, such a motion would be untimely.

The court agrees with the Secretary. Civil Local Rule 37-3 states "no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off." Fact discovery ended on September 30, 2012.[24] Any motion would have had to be filed by October 9, 2012. This motion was filed on October 18, 2012, nine days after the deadline. Discovery has long since closed.

## IV. CONCLUSION

Hosea's Motion for Default Judgment and Sanctions is DENIED.

Dated: November 27, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[24] *See* Docket No. 107.

6
Case No.: 11-2892 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SANCTIONS